UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60160-RAR
(CASE NO. 18-CR-60058-RAR-1)

**LENDEN PENDERGRASS**,

      Movant,

v.

**UNITED STATES OF AMERICA**,

      Respondent.

_____/

## ORDER OF DISMISSAL

    **THIS CAUSE** comes before the Court on *pro se* Movant Lenden Pendergrass's "Petition to Dismiss Defective Indictment for Violation of 18 U.S.C. § 922(g)(1) for Which Petitioner is Actually Innocent" ("Mot."). [ECF No. 1]. The Court has already construed this "Petition" as a Motion to Vacate under 28 U.S.C. § 2255. *See* Paperless Order, *United States v. Pendergrass*, No. 18-CR-60058 (S.D. Fla. Jan. 27, 2023), ECF No. 63 ("Liberally construed, a careful review of Defendant's filing makes clear that he is attempting to challenge the legality of his conviction and sentence. A motion which argues that a prisoner's sentence 'was imposed in violation of the Constitution or laws of the United States' must be brought in a Motion to Vacate under 28 U.S.C. § 2255.") (citations omitted). In his Motion, Movant argues that his conviction under 18 U.S.C. § 922(g) is now unconstitutional in light of the Supreme Court's recent decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). *See* Mot. at 6 ("18 U.S.C. § 922(g)(1) is Unconstitutional because it violates 'the People's' 2nd, 4th, 5th, and 14th Amendment Rights due to the fact that it criminalizes conduct protected by the 2nd Amendment."). Irrespective of whether Movant's claim has any merit, the Court lacks jurisdiction to consider the Motion since

it amounts to a successive § 2255 motion that was filed without authorization from the Eleventh Circuit.  Accordingly, the Court must **DISMISS** the Motion for lack of subject-matter jurisdiction.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner is generally barred from filing a second or successive motion to vacate.  *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar.").  If the prisoner believes that his second or successive petition is sufficiently premised on either "newly discovered evidence" or "a new rule of constitutional law," he or she must first file an application "in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(2), (3); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[.]").  A district court does not have the jurisdiction to entertain a successive § 2255 motion absent express authorization from the Eleventh Circuit.  *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("Burton neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Movant previously filed a § 2255 motion challenging the same underlying criminal conviction in Case No. 19-CV-61637.  *See* Amended Motion to Vacate, *Pendergrass v. United States*, No. 19-CV-61637 (S.D. Fla. Aug. 30, 2019), ECF No. 8.  After an evidentiary hearing, Magistrate Judge Bruce E. Reinhart issued a Report and Recommendation recommending that each of the claims raised in Movant's original § 2255 motion be denied on the merits, and the district court fully adopted Judge Reinhart's recommendations.  *See Pendergrass v. United States*, No. 19-CV-61637, 2021 WL 5310689, at *12 (S.D. Fla. Sept. 15, 2021), *report and*

*recommendation adopted*, 2021 WL 5300055 (S.D. Fla. Nov. 15, 2021).  Although Movant appealed the denial of his § 2255 motion, the Eleventh Circuit affirmed "the denial of Pendergrass's motion to vacate his conviction." *Pendergrass v. United States*, No. 21-14510, 2022 WL 17958916, at *4 (11th Cir. Dec. 27, 2022).  Needless to say, the instant Motion must be considered a second or successive motion to vacate since Movant previously filed a § 2255 motion that was adjudicated on the merits. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Holt previously filed a § 2255 motion and it was denied.  Thus, because we did not authorize the district court to consider the instant motion, the district court correctly denied it.").[1]

Because the Petition is successive, this Court lacks jurisdiction to consider the contents therein since the Eleventh Circuit Court of Appeals must first grant Petitioner an application to file a second or successive petition.  *See Osbourne v. Sec'y, Fla. Dep't of Corr.*, 968 F.3d 1261, 1264 (11th Cir. 2020) ("Absent authorization from [the court of appeals], the district court lacks jurisdiction to consider a second or successive habeas petition."); *accord* 28 U.S.C. § 2244(b)(3)(A).  In addition, the Court cannot issue a certificate of appealability, as it lacks jurisdiction to consider the Petition.  *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir.

---

[1]  The Eleventh Circuit has recognized, in a very limited circumstance, that a second-in-time § 2255 motion should not be construed as a "second or successive" application when the movant "raises a claim that could not have been raised in a prior habeas petition[.]"  *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011).  Although the Supreme Court's decision in *Bruen* was not available to Movant at the time he filed his first § 2255 motion, this exception still does not apply here.  While *Bruen* is a "new" development in the law, the "purported defect" raised by Movant (*i.e.*, the constitutionality of 18 U.S.C. § 922(g)) was available to Movant at the time of the original § 2255 motion and could have been challenged at that time. *See id.* at 861 (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009)) ("If the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be successive even if the legal basis for the attack is not."); *see also, e.g., Jackson v. United States*, No. 22-CV-2321, 2022 WL 17852651, at *2 (N.D. Tex. Nov. 3, 2022) (labeling a second-in-time § 2255 motion as "successive" even though the movant relied upon *Bruen* to attack the legality of his conviction), *report and recommendation adopted*, 2022 WL 17861481 (N.D. Tex. Dec. 22, 2022).  In short, Movant's reliance on *Bruen* does not change the Court's analysis regarding the successiveness of the Motion.

2007) ("Without such authorization, the district court lacked subject matter jurisdiction to consider the successive petition, and therefore could not issue a COA with respect to any of these claims.").

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Motion [ECF No. 1] is **DISMISSED** for lack of subject-matter jurisdiction. Any pending motions are **DENIED as moot**. Further, any demands for an evidentiary hearing are **DENIED**, and a certificate of appealability shall **NOT ISSUE**. This case is **CLOSED**.

**DONE AND ORDERED** in Miami, Florida, this 31st day of January, 2023.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

cc:     Lenden Pendergrass
        17211-104
        Jesup FCI
        Inmate Mail/Parcels
        2680 301 South
        Jesup, GA 31599
        PRO SE